No. 2036

Second Circuit Appeal

RAPIDES GROCERY CO., INC. v. M. GOLDING; HOLCOMB & HOKE MFG. CO., Third Opponents

(January 12, 1925, Opinion and Decree)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Sales—Par. 300, 303, 304.**

No vendor's privilege will arise under an absolute sale on the object of the sale being brought into Louisiana, therefore, there being no law to the contrary, a vendor's privilege could not arise under a conditional sale.

Appeal from the Parish of Rapides, Hon. R. C. Culpepper, Judge.

Plaintiff seized and sold under execution a pop corn machine. The third opponent claims the proceeds alleging a vendor's privilege by virtue of a contract between it and defendant. There was judgment dismissing the third opponent's claim and third opponent appealed.

Judgment affirmed.

Hawthorne & Stafford, of Alexandria, attorneys for plaintiff, appellee.

George Ginsberg, of Alexandria, attorney for third opponent, appellant.

CARVER, J. Plaintiff having seized and sold under execution a popcorn machine as the property of its judgment debtor, Golding, the third opponent claims the proceeds, alleging a vendor's privilege by virtue of a contract between it and Golding, trading under the name of the Guaranty Fruit Co.

The contract declared on is in terms a lease, with an option to buy, but both parties admit that under the Louisiana law it is a sale and we so regard it.

Plaintiff admits the execution of the contract but denies that the third opponent is entitled to a vendor's privilege thereunder and the lower court so decided.

It was signed by Golding at Alexandria, Louisiana, but was never signed at all by the third opponent or by any one for it. Therefore, it amounted at first only to an offer by Golding and became a contract only when accepted by third opponent, the acceptance being evidenced by its shipment of the machine which occurred in Indiana. The record does not show whether the agent of third opponent, who took the offer from Golding, had authority from third opponent to close a binding contract or not; but this is unimportant because he did not pretend to make such a contract but merely took the order or offer and forwarded it to the third opponent at Indianapolis, Indiana.

Counsel for third opponent admits in its brief that the law of Indiana does not accord a privilege to the vendor of movable property and that a vendor's privilege does not exist under Louisiana law when not given by the law of the place where the sale is made.

In the cases cited by third opponent's counsel the court found that the sales were Louisiana contracts.

In McLane vs. His Creditors, 47 La. Ann. 134, 16 South 764, and Erman & Cahn vs. Lehman, 47 La. Ann. 1651, 18 South. 650, the contracts were made in Louisiana between the purchasers and agents of the vendors who had authority to make and did make binding contracts.

In De La Vergne & Co. vs. New Orleans and W. R. Co., 51 La. Ann. 1733, 26 South. 455, the contract, though made in New York, was to be executed and consummated in Louisiana and its completion was suspended by the condition that the object of it was to be accepted by the purchaser only after a test to be made in Louisiana.

In the Lehman case the court cited approvingly the following syllabus from Claf-

lin vs. Mayer, 41 La. Ann. 1048, 7 South. 139:

"Where an agent in New Orleans for non-resident dealers has authority only to exhibit samples and receive orders which he communicates to his principal for acceptance or rejection; held that an order so transmitted was similar in every respect to an order to purchase sent direct by the buyer to the seller, and when so accepted and filled and the goods delivered to the carrier and insured by the buyer, that it was a contract where said order was accepted and filled and the goods delivered."

Counsel argues that the contract in this case, being in Indiana a conditional sale, and becoming an absolute sale only when the machine arrived in Louisiana, a vendor's privilege arose on such arrival.

No authority is cited to support this argument, and we do not think it sound. As no privilege would arise under an absolute sale on the object of the sale being brought into Louisiana, we do not think it could arise under a conditional sale.

The judgment of the lower court is affirmed.